(104 So. 912)

### John D. McCRARY v. STATE. (7 Div. 68.)

(Court of Appeals of Alabama. May 26, 1925.)

Appeal from Circuit Court, Talladega County; S. W. Tate, Judge.

John D. McCrary was convicted of obtaining property by means of a check which was not paid, and he appeals. Reversed and remanded.

Riddle & Riddle, of Talladega, and J. J. Cockrell, of Lineville, for appellant.

The act is an attempt to imprison for debt and is void. Const. 1901, § 20; Carr v. State, 106 Ala. 35, 17 So. 350, 34 L. R. A. 634, 54 Am. St. Rep. 17; Ex parte Hardy, 68 Ala. 303; State v. Paint Rock C. & C. Co., 92 Tenn. 81, 20 S. W. 499, 36 Am. St. Rep. 68; Ex parte Russellville, 95 Ala. 19, 11 So. 18; State v. Brewer, 38 S. C. 263, 16 S. E. 1001, 19 L. R. A. 362, 37 Am. St. Rep. 753; Smith v. State, 82 Ala. 40, 2 So. 629.

Harwell G. Davis, Atty. Gen., and J. B. Sanford, of Talladega, for the State.

The act under which this conviction was had is not in violation of the Constitution. Gustin v. State, 19 Ala. App. 558, 99 So. 54; State v. Avery, 111 Kan. 588, 207 P. 838, 23 A. L. R. 453.

BRICKEN, P. J. The indictment in this case contained seven counts. The conviction of this appellant, defendant in the court below, was under counts 5, 6, and 7 of the indictment, each of which, with varying phraseology, charged a violation of the act of the Legislature known as the "bad check law." Acts Sp. Sess. 1921, pp. 47, 48.

Before entering upon the trial, the defendant, by appropriate demurrer, attacked the validity of said act of the Legislature, and contended that it was unconstitutional, and that a conviction thereunder was void, etc. These demurrers were overruled, and this action of the court presents the material inquiry upon this appeal.

The insistence of appellant in this connection is correct and must be sustained. The act of the Legislature upon which the conviction of appellant rested is unconstitutional, void, and of no effect; therefore the judgment of conviction appealed from must be reversed, and as the verdict of the jury operated as an acquittal of the defendant under all counts of the indictment, except counts 5, 6, and 7, which were drawn under the act in question, and as no conviction can be had upon an indictment based upon said act, a judgment is here rendered discharging the defendant from further custody in this proceeding.

This opinion is rendered upon the authority of C. P. Goolsby v. State (6 Div. 627, Ala. App.) 104 So. 906.[1] In the Goolsby Case, supra, the response of the Supreme Court to an inquiry from this court expressly declares the act in question as being in violation of the Constitution. ·

Reversed and rendered.

